EDWARD ·J. PHILLIPS. PETITIONER-RESPONDENT, v. QUIK-SNAP PRINTING CORP., RESPONDENT-APPELLANT.

Argued December 3, 1973—Decided January 22, 1974.

*Mr. Richard D. Catenacci* argued the cause for appellant (*Hughes, McElroy, Connell, Foley & Geiser,* attorneys.)

*Mr. Herbert E. Greenstone* argued the cause for respondent (*Greenstone and Greenstone,* attorneys.)

PER CURIAM. The judgment is affirmed substantially for the reasons expressed by the Appellate Division. *Phillips v. Quik-Snap Printing Corp.,* reported at 126 *N. J. Super.* 350.

CLIFFORD, J. (dissenting). The Judge of the Division of Workmen's Compensation dismissed the claim petition and amended petition for failure of the petitioner "to sustain his burden of proof as regards to a compensable occupational condition, arising out of and in the course of his employment * * *." The County Court reversed, finding the necessary causal connection between petitioner's work effort and the condition of which he complains, and remanded "for a determination of the monetary benefits to which petitioner

is entitled," upon the setting of which judgment was entered in the County Court reflecting a finding of total permanent disability. The Appellate Division affirmed, by a divided court, and the dissent there affords the grounds for respondent's appeal as of right to this Court, *R.* 2:2–1(a).

The extent and character of the injury claimed are set forth in the Amended Claim Petition for Compensation as "[t]otal disability resulting from scalenus anticus syndrome, disturbance of vascular system, and orthopedic, neurological and pulmonary conditions." In furtherance of this claim the petitioner produced medical witnesses, including the deposition *de bene esse* of the surgeon who performed the scalenotomy to relieve pressure on the subclavian artery, all of whom confirmed the existence of the claimed condition, to wit, scalenus anticus syndrome. Respondent's medical experts did not disagree with the essential diagnosis (although one preferred the nomenclature accorded it by present-day conventional medical thinking, namely, thoracic outlet syndrome) ; but they asserted the condition was not due to petitioner's work as a web pressman and did not arise out of his employment. The single significant issue thus posed was causal relationship; it was resolved below with the varying results as indicated heretofore.

The majority opinion in the Appellate Division, on which my colleagues rest their affirmance of the judgment, contains a recital of the County Court's specific findings, the fourth of which, critical to the case, is as follows: "as a result of this use of his right arm, the scalenus anticus muscle in the petitioner's neck became hypertrophied." This conclusion, according to the opinion below, was "based upon sufficient credible evidence * * * reasonably supported on the whole record * * *."

I disagree and consequently register my dissent. This type of workmen's compensation case imposes upon us an obligation carefully to examine the entire record within the guiding principle of *Close v. Kordulak,* 44 *N. J.* 589 (1965). I would say parenthetically that I have some question about

the desirability of this Court continuing to undertake the resolution of questions which are solely or esesntially factual in nature, calling in turn for essentially non-conceptual opinions which neither furnish instruction and guidance to lower courts nor make any significant contribution to our judicial literature. But putting that observation (perhaps not pertinent at the moment) aside for now, my reading of this record leads me to conclude that the County Court's fourth finding of fact (hypertrophy of the scalenus anticus causally related to petitioner's use of his right arm) plainly is not supported by the evidence. Petitioner recognized the necessity of proving hypertrophy as the key to his entire case on causal relationship; he sought to satisfy that requirement by the testimony of one of his treating physicians to the effect that exercise will produce "thickening" of the muscle, as with the "village smithy" flexing his "great biceps," and that surgery will disclose this. But surgery did not reveal hypertrophy, as readily admitted by the surgeon, who found the muscle not thickened or enlarged, but rather "stretched" and "tight." In his words:

* * * [H]ypertrophied implies increase in size, It can be all sorts of things which you can't be sure at the operating table. I did make a note — it was some days later, and the man who dictated it didn't, but I indicated it was stretched like a piano string, so it was tight, but I don't remember whether the muscle was particularly big.

The absence of hypertrophy is, I suggest, crucial in terms of the sufficiency of credible evidence reasonably supportive of the findings below and of petitioner's theory of the case. My ultimate conclusion of absence of causal relationship as demonstrated by petitioner's own case assuredly is fortified by the testimony of respondent's experts to the effect that the scalenus anticus muscle was not and could not be affected by the petitioner's employment effort, inasmuch as it is a muscle used for breathing and turning the head, not for lifting or otherwise moving the arm. This being so, I would re-

verse the judgment of the Appellate Division and enter judgment in favor of respondent.

*For affirmance*—Acting Chief Justice JACOBS, Justices HALL, SULLIVAN and PASHMAN and Judges CONFORD and COLLESTER—6.

*For reversal*—Justice CLIFFORD—1.